UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAM BIGICA, III,

    Plaintiff,

v.                                                      Case No. 8:18-cv-2102-T-AAS

ANDREW SAUL,
Commissioner,
Social Security Administration,[1]

    Defendant.
_____/

## ORDER

Sam Bigica, III seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim Disability Insurance Benefits (DIB) and Supplemental Security Income Benefits (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), administrative record, pleadings, and the parties' joint memorandum, the Commissioner's decision is **AFFIRMED**.

## I.    PROCEDURAL HISTORY

On October 15, 2012, Mr. Bigica applied for DIB and SSI due to alleged disability beginning on February 13, 2019. (Tr. 200–14). Mr. Bigica's claim was denied initially and on reconsideration. (Tr. 89–90). Mr. Bigica requested and

---

[1] On June 17, 2019, Andrew Saul became Commissioner of the Social Security Administration. Consistent with Federal Rule of Civil Procedure 25(d), Mr. Saul is substituted as a party in Nancy Berryhill's place.

received a hearing before an ALJ, and the hearing was held on October 15, 2014. (Tr. 34–62, 998–1026). The ALJ issued an unfavorable decision on December 11, 2014. (Tr. 14–33). The Appeals Council denied review of the ALJ's decision. (Tr. 1–4, 891–94).

Mr. Bigica appealed the ALJ's decision to this court, who remanded the claim for further consideration. (Tr. 698–711, 895–910). The ALJ held a subsequent hearing and issued an unfavorable decision on May 18, 2018. (Tr. 638–63, 664–89). Mr. Bigica requests review of the ALJ's May 18, 2018 decision in this court. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Mr. Bigica was forty-one years old on the alleged onset date and fifty-one years old on the date of the ALJ's decision. (Tr. 202, 226, 654). Mr. Bigica has a high school education and past relevant work experience as a construction superintendent. (Tr. 271, 684, 1114). Mr. Bigaca alleged disability because of depression, sleep apnea neuropathy, memory problems, post-traumatic stress syndrome, diabetes, back pain, arthritis, neck fusion, high blood pressure, hepatitis C, and right ankle problems. (Tr. 270, 1122).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial

---

[2] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920.

2

gainful activity,[3] he is not disabled. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. §§ 404.1520(d), 416.920(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing work that exists in the national economy, he is not disabled. §§ 404.1520(g), 416.920(g).

The ALJ here determined Mr. Bigica did not engage in substantial gainful activity since the onset date. (Tr. 643). The ALJ found Mr. Bigica has these severe impairments: degenerative disc disease, obesity, depression, anxiety, diabetes, venous insufficiency, and sleep apnea. (*Id.*). However, the ALJ found Mr. Bigica's

---

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. §§ 404.1572, 416.910.

[4] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. §§ 404.1520(f), 416.945(a).

3

impairments or combination of impairments failed to meet or medically equal the severity of an impairment in the Listings. (Tr. 644).

The ALJ then found Mr. Bigica has the RFC to perform a full range of light work,[5] except:

> [Mr. Bigica] can lift up to twenty pounds occasionally and lift and carry up to ten pounds frequently. [Mr. Bigica] can stand and walk for six hours out of an eight-hour day with normal breaks. [Mr. Bigica] can never climb ladders, ropes, or scaffolds, but can occasionally climb rampa and stairs, balance, stoop, crouch, kneel and crawl. [Mr. Bigica] must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, and gases. [Mr. Bigaca] is limited to unskilled work, with an SVP 1 or 2, simple, routine, repetitive tasks. [Mr. Bigica] can have occasional interaction with the public and tolerate occasional changes in the work setting.

(Tr. 645). Based on these findings, the ALJ determined Mr. Bigica could not perform his past relevant work. (Tr. 653). However, Mr. Bigica could perform jobs that exist in significant numbers in the national economy. (*Id.*). Specifically, Mr. Bigica could perform the jobs of housecleaner, advertising material, and produce sorter. (Tr. 654). The ALJ thus found Mr. Bigica not disabled. (*Id.*).

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issue on Appeal

Mr. Bigica argues the ALJ failed to fully and fairly develop the record when according limited weight to the opinions of consultative examiners Sally Stader,

5

Ph.D. and Steven Wu, Ph.D., and by failing to recontact them about Mr. Bigica's mental impairments. (Doc. 18, pp. 9–12). In response, the Commissioner contends substantial evidence supports the ALJ's consideration of Drs. Stader's and Wu's consultative opinions and Mr. Bigica failed to establish he suffered from limitations beyond those imposed by the ALJ. (*Id.* at pp. 12–19).

The ALJ has a duty to develop a full and fair record. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (citation omitted). Remand for further development of the record is appropriate when the record contains evidentiary gaps that result in unfairness or clear prejudice. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation and citation omitted). The ALJ need not obtain additional medical evidence if the record already contains enough evidence for the ALJ to issue a decision. *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th 1999). The agency will contact a consultative examiner for additional information or a revised report if the examiner's report is "inadequate or incomplete." *See* 20 C.F.R. §§ 404.1519p(b), 416.919p(b).

Mr. Bigica argues Drs. Stader's and Wu's reports are incomplete because they do not contain a "concise statement" about his abilities. The lack of a concise statement about what the claimant can do despite his impairments will not render the consultative report incomplete. 20 C.F.R. §§ 404.1519n(c)(6), 416.919n(c)(6); *see also Davison v. Astrue*, 370 F. App'x 995, 998 (11th Cir. 2010) ("[T]he absence of a statement about what the claimant can still do did not render [the consultative report] incomplete."). A consultative examiner's report must contain: (1) the

6

claimant's major complaints; (2) a detailed description of the history of the complaints; (3) a description, and disposition, of pertinent "positive" and "negative" detailed findings based on the history, examination, and laboratory tests related to the major complaints, and any other abnormalities or lack thereof reported or found during examination or laboratory testing; (4) the results of laboratory and other tests performed according to the requirements stated in the Listings; (5) the diagnosis and prognosis for the claimant's impairments; (6) a statement about what the claimant can still do despite his impairments; and (7) an explanation of the claimant's major complaints and any other abnormalities found during the history and examination or reported from the laboratory tests. 20 C.F.R. §§ 404.1519n(c), 416.919n(c). Drs. Stader's and Wu's consultative reports contained this information and there was no duty to recontact either doctor. (Tr. 537–40, 1316–21).

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). In determining the weight to afford a medical opinion, the ALJ considers many factors including, but not limited to, the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record, and the area of the doctor's specialization. 20 C.F.R. §§ 404.1527(c), 416.967(c). The opinions of state agency consultants may be given great weight if supported by the evidence. *See id.* at §§ 404.1513a(b), 416.913(a)(b).

Substantial evidence supports the ALJ's decision to give limited weight to the consultative opinions of Drs. Stader and Wu. (Tr. 652). In 2012, Dr. Stader opined that Mr. Bigica's mental impairments moderately to severely affected his activities of daily living, vocational performance, and interpersonal interactions. (Tr. 537–40). In 2016, Dr. Wu opined Mr. Bigica was below average in reasoning, intelligence, and short-term memory. (Tr. 1320). Dr. Wu opined Mr. Bigica's comprehension was intact but his concentration, social interaction, and adaption were impaired. (*Id.*). Dr. Wu opined Mr. Bigica could not maintain employment. (*Id.*).

As an initial matter, opinions on issues such as whether the claimant is disabled and the claimant's RFC, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case, i.e. that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 416.967(d); *see also* SSR 96-5p. Opinions on issues reserved to the Commissioner are not entitled to controlling weight or special significance. *See* SSR 96-5p.

The ALJ concluded Mr. Bigica suffered from severe impairments including depression and anxiety. (Tr. 643). The ALJ then limited Mr. Bigica's nonexertional RFC to unskilled work involving simple, routine, and repetitive tasks, no more than occasional interaction with the public, and no more than occasional changes in the work setting. (Tr. 645, 651).

The ALJ discussed the findings of Mr. Bigica's health care providers, including Drs. Stader and Wu, and substantial evidence supports the ALJ's evaluation of Mr.

Bigica's mental impairments and RFC assessment. (Tr. 649–52). For example, treatment notes from 2012 and 2013 documented that Mr. Bigica's thought content was intact and his psychological symptoms were controlled with medication. (Tr. 349, 351, 354, 357, 360, 364, 372, 376, 426, 634). In 2012, Suman Bhat, M.D., noted Mr. Bigica's speech was articulate, his thought process was linear and logical, and his attention and concentration were improving. (Tr. 518, 567). In 2016, Dr. Bhat's treatment notes show Mr. Bigica was oriented with an articulate and logical speech pattern and a linear and logical thought process. (Tr. 1323, 1416–17, 1420–22). He was attentive with good eye contact, but his concentration was variable. (Tr. 1323, 1416–17, 1420–22). Other treatment notes from 2016 and 2017 reveal Mr. Bigica had an intact mood and affect, and unimpaired thought content. (Tr. 1347, 1356, 1362, 1367, 1373, 1379, 1386, 1393).

Mr. Bigica was hospitalized twice in 2014 for his mental condition. (Tr. 551, 1204). However, Mr. Bigica improved once he was back on his medication. (*Id.*). At the time of hospital discharge, Mr. Bigica had a normal mental status, his mood was euthymic, he had a full range affect, and he had no hallucinations or delusions. (*Id.*).

Mr. Bigica received mental health services through drug court from October 2014 to January 2015. (Tr. 1212). Upon discharged from the program, Mr. Bigica was unimpaired; oriented to time, place, person, and situation; his impulse control was good with good judgment; and he denied hallucinations. (*Id.*).

Mr. Bigaca argues the ALJ erroneously gave great weight to "unidentified" opinions of "unnamed" state agency medical consultants. "State agency consultants"

9

are medical providers who review the medical record at the initial and reconsideration levels. *See* 20 C.F.R. §§ 404.1513a, 416.913a. The record contains the opinions of four state agency psychological consultants. (Tr. 68–69, 71–73, 102, 946, 991–92). The records review by the state agency consultants are appropriately available within the administrative record. (*Id*.). Thus, Mr. Bigica's argument lacks merit.

IV. **CONCLUSION**

The ALJ articulated good reasons for assigning limited weight to the opinions of Drs. Stader and Wu, and substantial evidence supports the ALJ's RFC determination. The Commissioner's decision is **AFFIRMED**, and the case is **DISMISSED**. The Clerk of Court must enter final judgment for the Commissioner consistent with 42 U.S.C. Sections 405(g) and 1383(c)(3).

**ORDERED** in Tampa, Florida, on September 6, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge